IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01177-PSF-MEH

JOHN NASIOUS,

    Plaintiff,
v.

NU-WAY REAL ESTATE,
THOMAS N. BEABER, President – Nu-Way Real Estate,
MR. VIAPONDO – Sales Manager V.P.,
MR. FRENCH – Sales Manager,
MR. FRANK, (CEO), and
JOHN DOE 1,

    Defendants.

---

## RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

---

Before the Court is Defendants Nu-Way Real Estate, Mr. Viapondo, Mr. French, and Mr. Frank's Motion to Dismiss [Docket #41]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** Defendants' Motion.

**I.    Facts**

Plaintiff alleges that he was discriminated against on the basis of his age and in retaliation for his incarceration. Plaintiff contends that Defendants withheld wages and bonuses because he was incarcerated. Plaintiff further asserts that he was harassed by Defendants and yelled at when he attempted to collect his final paycheck. Plaintiff brings claims for violations of equal protection under the Fourteenth Amendment, the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964, the Equal Pay Act, and the Colorado Wage Act. In response to

Defendants' Motion to Dismiss, Plaintiff reiterates his claims as thus: "Failure to pay wages due Plaintiff due to discrimination." Dock. #45 at 1.

## II. Discussion

### A. Legal Standard for Motion to Dismiss

A motion to dismiss should be granted only if the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In doing so, all well-pleaded factual allegations in the Complaint must be taken as true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court must review the Complaint to determine whether it contains "enough facts to state a claim to relief that is plausible on its face." *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (citations omitted). This minimal standards requires the plaintiff to establish "a reasonable likelihood of mustering factual support for these claims," *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), by "sufficiently alleg[ing] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Although the Court construes a *pro se* plaintiff's pleadings liberally, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

### B. Plaintiff's Claims

#### 1. Section 1983 claims

A claim under Section 1983 requires two allegations by Plaintiff: "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Here, Plaintiff does not allege that Defendants acted under color of state law as required by section 1983. Thus, the Court concludes that Defendant cannot be sued for constitutional violations under 42 U.S.C. § 1983, and these claims must be dismissed.

#### 2. ADEA and Title VII claims

Plaintiff claims that he was subjected to unfavorable terms and conditions of employment by Defendant withholding his final paycheck after he was incarcerated based on discrimination and retaliation because of his age. Plaintiff further alleges that he was denied his final paycheck because he is an inmate in prison. Plaintiff filed a charge with the EEOC on this basis on April 13, 2007, and he received his Right to Sue letter from the EEOC on April 25, 2007. Dock. #4 at 4-5.

To set forth a *prima facie* case of age discrimination, Plaintiff must allege that (1) he was a member of the protected age group, over the age of 40; (2) he was performing satisfactory work; (3) he suffered an adverse employment action; and that (4) he was replaced by someone younger or that younger employees did not suffer the same adverse employment action. *See Rivera v. City & County of Denver*, 365 F.3d 912, 920 (10th Cir. 2004). Essentially, Plaintiff "must establish that age was a determining factor in the challenged decision." *Oglesby v. Hy-Vee, Inc.*, 214 Fed. Appx. 829, 831 (10th Cir. 2007). In this case, Plaintiff states that he is over forty and that he was performing his job satisfactorily. Plaintiff further alleges that his final paycheck was withheld for over 300 days, which

the Court will assume without deciding that this constitutes an adverse employment action. Nevertheless, Plaintiff has failed to meet the minimal threshold of a *prima facie* case on the fourth factor. Other than his conclusory allegation that Defendants' conduct was based on his age and in retaliation, Plaintiff does not provide any further allegations in support of this claim. Plaintiff does not state what protected conduct he engaged in that precipitated the retaliation, nor does Plaintiff allege that other similarly situated but younger employees did not suffer the same adverse employment action.

To the contrary, Plaintiff states that he believes his paycheck was withheld because he was an inmate in prison, not because of his age, thus undercutting his claim that the adverse employment action complained of was based on his age or in retaliation for protected conduct. Plaintiff's only other allegation in the Complaint regarding his conditions of employment is that he was yelled at both during and after his employment by the CEO and others. This conduct, as alleged, does not rise to the level of an adverse employment action. And again, Plaintiff fails to allege that other employees not within his protected class were treated differently. Plaintiff has, therefore, failed to state a claim upon which relief can be granted for age discrimination and retaliation.

Similarly, Plaintiff's claim under Title VII must also fail. Plaintiff does not set forth a separate claim for Title VII; he only mentions it as one of his bases for recovery. As such, the Court notes that Plaintiff has not alleged that he is a member of a protected class under Title VII, insofar as "incarcerated persons" are not a protected class listed in Title VII, nor has Plaintiff alleged any link between protected conduct and an adverse employment action to support a claim for retaliation. *See Penry v. Federal Home Loan Bank*, 155 F.3d 1257, 1263 (10th Cir. 1998). Accordingly, Plaintiff's Title VII claim must also be dismissed.

### 3. Equal Pay Act

The purpose of the Equal Pay Act is "to remedy what was perceived to be a serious and endemic problem of employment discrimination in private industry – the fact that the wage structure of 'many segments of American industry has been based on an ancient but outmoded belief that a man, because of his role in society, should be paid more than a woman even though his duties are the same.'" *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974). The Act, therefore, prohibits unequal pay based on gender, and a plaintiff need only allege at this stage of litigation that "an employer paid unequal wages for jobs performed under similar working conditions that required essentially equal skills, effort, and responsibility." *Angove v. Williams-Sonoma, Inc.*, 70 Fed. Appx. 500, 507 (10th Cir. 2003). Here, Plaintiff does not allege unequal pay based on gender, and his Equal Pay Act claim cannot survive.

### 4. Colorado Wage Act

The Colorado Wage Claim Act ("the Wage Act") requires employers to make timely payments to employees of wages earned. C.R.S. § 8-4-101 *et seq.* Plaintiff alleges that Defendants failed to send his final paycheck to him for nearly one year after his employment ended and that he telephoned Defendants' place of business on numerous occasions to provide them with the proper address to mail the check to him. Because Plaintiff's federal claims are subject to dismissal, Defendants request that the Court dismiss Plaintiff's state law claim without prejudice to be pursued in state court, which this Court must do. This case is before the Court on federal question jurisdiction, which with the dismissal of the above claims, is now lacking. Thus, Plaintiff's lone state law claim must be dismissed without prejudice for Plaintiff to pursue that claim in state court. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

**III.     Conclusion**

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendants' Motion to Dismiss [Filed November 2, 2007; Docket #41] be **granted**; that Defendants Nu-Way Real Estate, Mr. Viapondo, Mr. French, and Mr. Frank be dismissed from this action; and that Plaintiff's claim under the Colorado Wage Claim Act against these Defendants be dismissed without prejudice. This case remains pending against Defendant Thomas Beaber, who did not join in this Motion to Dismiss. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 12th day of December, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).