# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 07-cv-01177-REB-MEH

JOHN NASIOUS,

    Plaintiff,

v.

NU-WAY REAL ESTATE, et al.,

    Defendants

## ORDER RE: ORDER TO SHOW CAUSE

**Blackburn, J.**

    The matter before me is plaintiff's **Response to Order To Show Cause** [#68], filed February 25, 2008. Finding that plaintiff's response does not show any ground for continuing to maintain the claims currently asserted against defendant Thomas N. Beaber, I make the Order To Show Cause absolute, dismiss plaintiff's federal claims against Beaber, and dismiss his state law Wage Act claims for lack of supplemental jurisdiction.

    Pursuant to my **Order Adopting in Part Recommendation of United States Magistrate Judge** ([#64], filed January 31, 2008), I granted the motion to dismiss plaintiff's federal Title VII, Age Discrimination in Employment Act, and Equal Pay Act claims as to five of the six defendants in this case. A sixth defendant, Thomas N. Beaber, did not participate in that motion. Plaintiff's earlier motion for entry of default against Beaber was denied on the ground that Beaber had not failed to respond to the

complaint or otherwise defend. However, because his letter to the court was found not to constitute a proper answer under the Local Rules, Beaber was ordered to file a complying response by a date certain. Although he failed to do so, plaintiff made no further effort to seek default judgment against Beaber. I therefore ordered plaintiff to show cause in writing why his Title VII and ADEA claims against Beaber should not be dismissed for failure to state claims on which relief may be granted and why his Equal Pay Act claim should not be dismissed for failure to state a claim and/or failure to prosecute.

Plaintiff apparently concedes that his putative Title VII and Age Discrimination in Employment Act claims against the other defendants were rightly dismissed (*see* **Response** at 3),[1] but argues that he is entitled to a default judgment against Beaber on those claims. Procedurally, the motion is infirm both because not made by separate motion, *see* **D.C.COLO.LCivR.** 7.1A,[2] and because plaintiff has not first secured an entry of default from the Clerk of the Court pursuant to Fed.R.Civ.P. 55(a), *see* ***Williams v. Smithson***, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (citing ***Meehan v. Snow***, 652 F.2d 274, 276 (2nd Cir. 1981)) (in order to secure judgment of default, plaintiff must undertake sequential, two-step process, first securing entry of default

---

[1] As part of this argument, plaintiff makes reference to the fact that he is "a disabled American." (Plf. Resp. at 3.) Because the complaint nowhere asserts facts that might make out a claim for discrimination or retaliation on the basis of disability – or indeed makes any reference at all to the putative fact of plaintiff's disability – I do not consider any such claim.

[2] This local rule provides, in pertinent part, that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." No less than any other party that appears before the courts of this district, *pro se* parties are required to comply with the Local Rules in prosecuting or defending their cases. ***Nielsen v. Price***, 17 F.3d 1276, 1277 (10th Cir. 1994); ***Vibe Technologies, LLC v. Suddath***, 2006 WL 3404811 at *3 (D. Colo. Nov. 22, 2006)

pursuant to Rule 55(a) and only then seeking default judgment as provided by Rule 55(b)).

Yet even if plaintiff were to properly move for and obtain an entry of default from the Clerk of the Court, he is not thereafter entitled to a default judgment as a matter of right.  *See Kettering v. Larimer County Detention Center*, 2008 WL 324127 at *1(D. Colo. Feb. 5, 2008) (citing 10A C. WRIGHT, A. MILLER, M. KANE, **FEDERAL PRACTICE AND PROCEDURE** § 2685, at 31 (3rd ed. 1998)); *Kansas Turnpike Authority v. Barr Brothers & Co.*, 1989 WL 151938 at *1 (D. Kan. Oct. 31,1989); *see also* **MOORE'S FEDERAL PRACTICE** § 55.20[2][b] at 26-27 (Matthew Bender 3rd ed.).  A defaulting party merely admits the allegations of the complaint other than those relating to damages. *See* **FED.R.CIV.P.** 8(d); *see also Burlington Northern Railroad Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996).  It therefore would not be appropriate to exercise my discretion to grant a default judgment when the complaint does not state claims on which relief may be granted.  *See Kettering*, 2008 WL 324127 at *1 ("The Court considers whether Plaintiff has a reasonable opportunity to prevail on the merits of his claim.") (internal quotation marks and citation omitted); *see also* **MOORE'S** § 55.20[2][b] at 28.

Such clearly is the case with respect to plaintiff's Title VII and ADEA claims, which are not sustainable against individual supervisors such as Beaber.  (**See Order Adopting In Part Recommendation of United States Magistrate Judge** at 2. ) The same is true with regard to plaintiff's putative Equal Pay Act claim.  The gravamen of such a claim is the assertion of discrimination in the payment of wages based on

3

gender. ***See*** 29 U.S.C. § 206(d)(1); ***Sprauge v. Thorn Americas, Inc.***, 129 F.3d 1355, 1364 (10th Cir. 1997). There are absolutely no facts alleged in the complaint that suggest even remotely that defendants' allegedly discriminatory conduct in withholding plaintiff's wages was related in any way to his gender.

Plaintiff also suggests that I have a "duty" to enter a default judgment against Beaber due to his failure to respond to the court's order to file a complying answer within a time certain. Although Rule 37(b)(2)(A)(vi) gives me the discretion to enter a default judgment as a sanction for failure to comply with a duly issued order of the court, it does not obligate me to do so. Moreover, not every failure to respond to a court's order merits the extreme sanction of default judgment. Indeed, before proceeding to that drastic step, I would be obligated to consider the factors set forth in ***Ehrenhaus v. Reynolds***, 965 F.2d 916, 920-21 (10th Cir. 1992). I need not undertake that analysis here, however, because Beaber's failure to answer in this instance does not demonstrate the type of "willful misconduct" that would make consideration of a default judgment as a sanction appropriate. ***Id.*** at 920 ("Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.") (quoting ***Meade v. Grubbs***, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)) (internal quotation marks omitted). Indeed, it appears Beaber never even received the answer, as it was returned as undeliverable. (***See*** [#52], filed December 10, 2007.)[3]

---

[3] Of course, a party has a responsibility under the Local Rules to keep the court apprised of his most current address, email address, and telephone number. **D.C.COLO.LCivR** 10.1M. However, even taken together with Beaber's failure to file a complying answer as directed by the court, I could not find

4

For these reasons, I find and conclude that plaintiff's Title VII, ADEA, and Equal Pay Act claims against Beaber must be dismissed for failure to state claims on which relief may be granted. This resolution leaves only plaintiff's Colorado Wage Act claim. When all federal claims have been dismissed prior to trial, the court generally should decline to exercise supplemental jurisdiction over pendant state claims. ***United States v. Botefuhr***, 309 F.3d 1263, 1273 (10th Cir. 2002). I find it appropriate to do so here, and thus will dismiss plaintiff's state law claim without prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1. That my **Order To Show Cause** [#65], filed February 1, 2008, is **MADE ABSOLUTE**;

2. That plaintiff's Title VII, ADEA, and Equal Pay Act claims against defendant Thomas N. Beaber are **DISMISSED WITH PREJUDICE**;

3. That plaintiff's Colorado Wage Act claims against all defendants are **DISMISSED WITHOUT PREJUDICE** for lack of supplemental jurisdiction;

4. That judgment **SHALL ENTER** in favor of defendant, Thomas N. Beaber, President-NU-Real Estate [sic], and against plaintiff, John Nasious, as to the claims asserted under Title VII, the ADEA, and the EPA;

5. That judgment **SHALL ENTER** in favor of defendants Nu-Way Real Estate, Mr. Viapondo – Sales Manager, Mr. French – Sales Manager, Mr. Frank (CEO), and John Doe 1, and against plaintiff, John Nasious, in accordance with my **Order**

---

the type of repeated, egregious conduct that would justify imposition of default judgment as a sanction.

**Adopting In Part Recommendation of United States Magistrate Judge** [#64], filed January 31, 2008; and

    6. That defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

    Dated March 6, 2008, at Denver, Colorado.

                                    **BY THE COURT:**

                                    **s/ Robert E. Blackburn**
                                    **Robert E. Blackburn**
                                    **United States District Judge**